

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Land Office Building
Austin, Texas

Dear Sir:

Opinion No. O-7203

Re: Whether or not the present
salary of the Executive
Secretary-Director of the
State Commission for the
Blind may be supplemented
from any other fund other
than is now shown on the
current appropriation bill.

    In your letter of April 3, 1946, you have requested an
opinion from this Department relative to the above subject.  From
this letter, the following is quoted:

    ". . . .

    "The Federal Government recognizes that the
Executive Secretary-Director of the State Commission
for the Blind is spending more than one-third of his
time with the Vocational Rehabilitation Division of
the State Commission for the Blind and is entitled to
additional compensation for his service.  The Legisla-
ture placed a rider on the departmental appropriation
bill which permitted the State Commission for the Blind
to supplement salaries from other funds.  We believe
that this rider is applicable to the salary of the
Executive Secretary-Director of this agency.

    "On April 1, 1946, in regular meeting the State
Commission for the Blind authorized the salary of the
Executive Secretary-Director of the State Commission
for the Blind to be placed at $4,200.00 per annum,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lon Alsup, Page 2

$2,400.00 to be from State funds and the remainder
to be paid by Federal funds. The Executive Secre-
tary-Director was authorized to submit an amendment
on this subject to the Texas State Plan for Voca-
tional Rehabilitation to the Federal office for
approval. It was thought that before the amendment
to the Texas State Plan for Vocational Rehabilitation
was submitted to the Washington office that a ruling
should be had from your department as to whether or
not the supplementation of the salary of the Execu-
tive Secretary-Director was legal."

In the appropriations made for the State Commission
for the Blind (Senate Bill 317, Acts 49th Legislature, 1945,
p. 826), Item 1 thereof appropriates $2,400.00 per annum to be
paid from the General Revenue Fund of the State on the salary
of the Executive Secretary-Director of the Commission. In this
item, there is a parenthetical direction that the Executive
Secretary-Director is to receive "an annual salary of $3,600.00,
$2,400.00 to be paid from State funds and $1,200.00 from Federal
funds".

In the Act creating the State Commission for the Blind,
and providing for its organization and function, authorization is
given to the Commission to "appoint and fix the compensation of
an Executive Secretary and such other workers as may be necessary
to make effective the purposes of this Act within the appropriation
provided." (Section 3, Article 3207a, V.A.C.S.)

While the salaries provided in the appropriation bill
may not as a general rule be supplemented from any other source,
the State Commission for the Blind is specifically exempted from
such a restriction (Section 2, subsection 14b, Senate Bill 317, 49th
Legislature, 1945). The application for and acceptance of funds from
the Government of the United States for the State Commission for
the Blind is authorized and such funds are appropriated "to the
specific purposes authorized by the grantor". (Section 2, subsection
9, Senate Bill 317, 49th Legislature, 1945.) It appears that funds
are advanced by the Federal government to States that have an approved
plan for aid to the blind for purposes which are enumerated in a
report to the Federal government filed by the State. (Title 42,
U.S.C.A., Sections 1201, 1202 and 1203.) If, therefore, funds
are advanced by the Federal government for the purpose of supplemen-
ting the salary of the Executive Secretary-Director of the State

Honorable Lon Alsup, Page 3

Commission for the Blind, the payment of an additional sum from Federal funds would be "within the appropriations provided". (Opinion of Attorney General, No. 0-6735.)

Whether the salary of the Executive Secretary-Director may be supplemented from Federal funds depends upon whether the above noted direction in the appropriations bill operates to withdraw or restrict the authority given to the State Commission for the Blind to fix the salary of such officer "within the appropriations provided". While there is no question that the Legislature has the authority to withdraw or repeal the authority originally given to the Commission to fix the salary of this officer, it is not believed that such authority can be deemed to have been withdrawn by a parenthetical and purely directory provision in the appropriation bill. The only possible reason that can be ascribed for this direction in the appropriation bill is that the Legislature intended to avoid this officer's being paid from Federal funds in an amount greater than that provided to be paid from State funds and it is noted that the proposed increase of $600.00 per annum would not defeat such a purpose. It should also be noted that in 1945 the 49th Legislature established within the State Commission for the Blind a Vocational Rehabilitation Division and imposed certain additional duties upon the Executive Secretary-Director of the Commission. (H. B. 347, Acts 49th Legislature, 1945, p. 374.) This Act also provided for cooperation by this Division with the Federal Government.

The foregoing considered, you are advised that it is the opinion of this office that the State Commission for the Blind is authorized to supplement from funds received from the Government of the United States the salary of the Executive Secretary-Director to the extent proposed if granted by the Federal Authorities for that purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert O. Koch*

Robert O. Koch
Assistant

And *Jackson Littleton*

Jackson Littleton
Assistant

APPROVED APR 12, 1946

(Acting)

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

JL:ms